IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMEY McKEE, | No. 4:23-CV-00113 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| D. DURST and M. KNAPP, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 1, 2024

Plaintiff Jamey McKee is a serial *pro se* litigant who was previously incarcerated at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania.[1] He filed the instant *pro se* Section 1983[2] action claiming constitutional violations by two SCI Rockview officials. Presently pending is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56. Because McKee has not responded to Defendants' motion and thus has failed to carry his Rule 56 burden on his Section 1983 claims, the Court will grant Defendants' unopposed motion for summary judgment.

---

[1] McKee is currently incarcerated at SCI Somerset. *See* Doc. 44.
[2] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.      **FACTUAL BACKGROUND**[3]

McKee initiated this Section 1983 action in January 2023.[4] In his complaint, he alleged that defendants Licensed Psychologist Manager D. Durst and Unit Manager M. Knapp violated his constitutional rights by subjecting him to unconstitutional conditions of confinement. Specifically, McKee alleged that for approximately three weeks in September 2022, he was kept in isolation in a cell without access to the law library, outside recreation, out-of-cell movement, bed linens, a pillow, clean clothes, or hygiene materials.[5]

McKee asserts a single Section 1983 claim against Defendants under the Eighth Amendment for alleged cruel and unusual punishment in the form of unconstitutional conditions of confinement.[6] Although McKee styles his claim as two separate Eighth Amendment counts (using the headings "Cruel and Unusual Conditions of Confinement" and "Deliberate Indifference," respectively), he is in fact raising a single claim sounding in Eighth Amendment conditions of

---

[3]  Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants properly filed their statement of material facts, (Doc. 77), but McKee failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Defendants' Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.

[4]  *See generally* Doc. 1.

[5]  *Id.* ¶¶ 20, 23, 25, 31, 33, 43, 44. The Court will assume, without deciding, that McKee's allegations—if true—would constitute a sufficiently serious deprivation for an Eighth Amendment conditions-of-confinement claim.

[6]  *See id.* ¶¶ 43, 44.

confinement. He seeks a retroactive declaration that his constitutional rights were violated, injunctive relief against Defendants, and compensatory and punitive damages.[7]

Defendants now move for summary judgment on McKee's conditions-of-confinement claim.[8] McKee has failed to respond to Defendants' Rule 56 motion in any way. Although McKee moved to reopen discovery,[9] that motion was deemed withdrawn because McKee failed to file a brief in support of his motion, as required by Local Rule of Court 7.5.[10] McKee, who is a frequent litigant in this Court, is well aware of the Local Rules and specifically the requirements of Local Rule 7.5.[11] Additionally, the Court observes that McKee's August 2024 motion to reopen discovery was patently untimely, as fact discovery—which had been extended three times in this case—closed on February 29, 2024.[12] The Court, moreover, permitted McKee to file and litigate an out-of-time motion to compel discovery.[13] So even if McKee would have complied with the briefing

---

[7] *Id.* ¶¶ 46-50.
[8] Doc. 76.
[9] *See* Doc. 79.
[10] *See* Doc. 82; LOCAL RULE OF COURT 7.5.
[11] *See, e.g.*, Doc. 4-3 (providing excerpts of Federal Rules of Civil Procedure and Local Rules of Court, including Local Rule 7.5); Doc. 23 (deeming motion to compel withdrawn for failure to comply with Local Rule 7.5); Doc. 25 (deeming motion to take deposition withdrawn for failure to comply with Local Rule 7.5); Doc. 46 (deeming motion to "Order Defendants to ensure Plaintiff's Access to the Court Stops Being Obstructed" withdrawn for failure to comply with Local Rule 7.5); Doc. 48 (deeming motion "to Request the Court to state exactly what documents were disposed . . . " withdrawn for failure to comply with Local Rule 7.5).
[12] *See* Docs. 39, 49, 56.
[13] *See* Docs. 61, 69-72.

requirements of Local Rule 7.5, his motion to reopen discovery would have been denied.[14]

The deadline for a responsive Rule 56 pleading has long since passed. McKee has neither filed a response nor sought an extension of time to do so. Defendants' unopposed motion for summary judgment is therefore ripe for disposition.

## II. STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[15] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[17]

---

[14] In his motion to reopen discovery, McKee asserts that he recently received discovery responses that were provided late by Defendants and that is why he needs to reopen discovery. *See* Doc. 79 at 1-2. This assertion is baseless. Discovery closed in this case in February 2024, and McKee's motion to compel additional discovery was denied in June 2024. Any new information he received from Defendants in July 2024 did not pertain to this case but instead was related to one of his many other pending lawsuits filed in this district. Furthermore, if McKee needed additional time to file a supporting brief or respond to Defendants' Rule 56 motion, he should have filed a motion for an extension of time, which Local Rule 7.5 permits to be filed without a supporting brief. *See* LOCAL RULE OF COURT 7.5(a).

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[16] FED. R. CIV. P. 56(a).

[17] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[18]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[19]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[20]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[21]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[22]

## III. DISCUSSION

Defendants contend that McKee is unable to satisfy his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of material fact as to his Eighth Amendment conditions-of-confinement claim.  Defendants also assert that McKee failed to exhaust administrative remedies.  The

---

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[19] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[20] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[21] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[22] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

Court agrees with Defendants and finds that McKee has failed to carry his Rule 56 burden, so judgment must be entered in Defendants' favor.

### A. Failure to Oppose Rule 56 Motion

First, McKee has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way. McKee has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that they took no action that would violate McKee's Eighth Amendment rights. McKee has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor. In fact, McKee has not even responded to Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[23]

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[24] Moreover, "[t]he court need consider only the cited materials" when ruling on a

---

[23] *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

[24] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

motion for summary judgment.[25] No materials have been provided or cited by McKee in opposition to Defendants' Rule 56 motion. Thus, because McKee has failed to establish that there is a genuine dispute of material fact for trial, the Court must grant Defendants' motion for summary judgment.

B. **Failure to Exhaust Administrative Remedies**

A second reason summary judgment must be granted in Defendants' favor is that McKee failed to exhaust administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA)[26] requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.[27] Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.[28] The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated.[29]

Pennsylvania's Department of Corrections (DOC) employs a three-step grievance process that must be completed to properly exhaust administrative remedies in most cases.[30] If informal resolution attempts do not solve the problem,

---

[25] FED. R. CIV. P. 56(c)(3).
[26] 42 U.S.C. § 1997e *et seq.*
[27] *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).
[28] *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).
[29] *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91.
[30] *See Booth v. Churner*, 206 F.3d 289, 292 n.2 (3d Cir. 2002); COMMONWEALTH OF PA., DEP'T OF CORR., INMATE GRIEVANCE SYS., Policy No. DC-ADM 804 (May 1, 2015) (hereinafter "DC-ADM 804").

the first step is to file a written grievance (using form DC-804, Part 1) with the Facility Grievance Coordinator within 15 working days after "the event upon which the claim is based."[31] An adverse decision by the grievance coordinator must be appealed to the Facility Manager within 15 working days of the initial-review response or rejection.[32] Finally, an adverse decision by the Facility Manager must be appealed to "Final Review" with the Secretary's Office of Inmate Grievances and Appeals (SOIGA), and again must be submitted within 15 working days of the date of the Facility Manager's decision.[33]

The DOC has specific requirements for grievances submitted by inmates. Those requirements include, among other conditions, that the grievance "be legible [and] understandable"; "include a statement of the facts relevant to the claim" as well as "the date, approximate time, and location of the event(s) that gave rise to the grievance"; that the prisoner "identify individuals directly involved in the event(s)"; and that the grievance include "the specific relief sought," including "compensation or other legal relief normally available from a court."[34]

The undisputed facts of this case demonstrate that McKee failed to exhaust administrative remedies. McKee filed one grievance related to the instant

---

[31] DC-ADM 804 § 1(A)(3)-(5), (8).
[32] *Id.* § 2(A)(1).
[33] *Id.* § 2(B)(1).
[34] *Id.* § 1(A)(11).

8

conditions-of-confinement claim: grievance number 1001073.[35] This grievance was rejected (rather than addressed on the merits) because McKee had improperly presented multiple issues in a single grievance, had failed to provide documentation of the alleged missing property, and had failed to identify the dates of the purportedly unlawful conduct by Durst and Knapp.[36] McKee did not appeal this rejection or submit a corrected grievance.[37] His Eighth Amendment conditions-of-confinement claim is thus procedurally defaulted and, without any excuse for this default, judgment must be granted in Defendants' favor for failure to exhaust administrative remedies.

### C. Merits of Eighth Amendment Claim

A final reason that summary judgment must be granted in Defendants' favor is that, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in McKee's favor on the conditions-of-confinement claim.

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[38] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment

---

[35] *See* Doc. 77 ¶¶ 41-42.
[36] *Id.* ¶ 44.
[37] *Id.* ¶ 45.
[38] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[39]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must establish both objective and subjective elements.[40] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[41] "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they [were] 'incarcerated under conditions posing a substantial risk of serious harm.'"[42]

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[43] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[44] Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[45]

---

[39] *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
[40] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).
[41] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[42] *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834).
[43] *Chavarriaga*, 806 F.3d at 226 (citing *Farmer*, 511 U.S. at 834).
[44] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[45] *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).

Even when viewing the evidence in a light most favorable to McKee, there is no evidence of a sufficiently serious deprivation or deliberate indifference by either Defendant. The Rule 56 record reflects that, after McKee was discharged from the psychological observation cell where he had been housed for expressing suicidal ideations, McKee was moved to a Behavior Adjustment Cell (BAC).[46] During his time in the BAC, McKee met with mental health staff to develop a new Individualized Recovery Plan (IRP).[47] On September 12, 2022, that plan was finalized and included goals of stress management, recovery from personality disorders, and managing emotions.[48] Each goal in the IRP contained steps that McKee could take to meet those goals, such as participating in weekly sessions with psychology support staff and developing coping skills.[49] McKee's new IRP also outlined specific steps to achieve phase progression in the Behavior Management Unit program.[50] This plan was shared with McKee on September 13, 2022, and he expressed satisfaction with it.[51]

On September 20, 2022, McKee met with Dr. Rinehouse via telemedicine.[52] Although he complained about his lack of property and claimed that prison officials were "using policies to torture [him]," he confirmed that he was eating

---

[46] Doc. 77 ¶¶ 6, 17-18.
[47] Id. ¶ 23.
[48] Id. ¶ 25.
[49] Id. ¶ 26.
[50] Id. ¶ 27.
[51] Id. ¶ 28.
[52] Id. ¶ 29.

11

and sleeping "ok" and denied feeling anxious or depressed.[53]  After this appointment, McKee began to refuse to see mental health staff and claimed that all SCI Rockview staff were "terrorists," and this combative behavior continued for the rest of the month.[54]  Yet SCI Rockview records reflect that, during the time in question, McKee was regularly offered and accepted showers and meals, and that he was only denied "yard" on three occasions.[55]

Nothing in the Rule 56 record reflects unconstitutional conditions of confinement.  Nor does the record show that McKee informed Durst or Knapp about alleged unconstitutional conditions and they were deliberately indifferent to a risk of serious harm.  There is simply no evidence that Durst or Knapp knew about any sufficiently serious deprivation that presented a risk to McKee's health or safety and failed to act.  Without providing such evidence, McKee cannot carry his burden at summary judgment.

Thus, even if the Court were to reach the merits of McKee's Eighth Amendment claim (despite his failure to oppose the instant Rule 56 motion and his failure to exhaust administrative remedies), Defendants' motion for summary judgment would be granted.  That is because there is no record evidence of

---

[53]   *Id.*; Doc. 77-2 at 6.
[54]   Doc. 77 ¶ 32; Doc. 77-2 at 1-5.
[55]   Doc. 77 ¶¶ 34-37.

unconstitutional conditions of confinement or deliberate indifference by Defendants.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge